UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SCOTT STEARNS,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN BERNARDINO COUNTY<br>SHERIFFS DEPARTMENT, et al.,<br><br>        Defendants. | No. 5:18-cv-02610-GW (JDE)<br><br>ORDER TO SHOW CAUSE |

On December 17, 2018, Plaintiff Scott Stearns ("Plaintiff"), who was at the time an inmate in the custody of the San Bernardino County Sheriff's Department ("SBCSD"), filed a pro se civil rights action against the SBCSD, the County of San Bernardino (the "County"), and individual defendants all allegedly employed by the SBCSD or the County. See Dkt. 1 at 1-3. In his operative Second Amended Complaint (Dkt 32, "SAC"), filed on June 13, 2019, Plaintiff purports to assert three claims, allegedly all taking place on October 1, 2018 at a County jail facility, against the SBCSD, the County, John Doe No. 1, John Doe No. 2, John Doe No. 3, Mr. Wass, defendant Wright, and defendant Duran. SAC at 1-4 (CM/ECF pagination).

In Claim One, Plaintiff alleges SBCSD and its employees refused to provide inmates with "A.D.A. medical treatments, medical equipment or appliances, denied inmates religious rights or freedoms and let deputies disrespect, mistreat, and retaliate on inmates. . . ," in particular noting that he was not given eyeglasses, a hearing aid, soft shoes, an ankle brace, a cane, and mental health medications and treatment. Id. at 5. In Claim Two, Plaintiff alleges the SBCSD: (i) "refused to provide Islamic inmates with 2,000 calorie diet[s] daily"; (ii) placed him on a vegetarian diet after he filed a grievance; (iii) failed to provide "prayer rugs big enough for a[n] inmate to properly pray upon"; and (iv) "tried to get [Plaintiff] attacked" more than once. Id. at 6. In Claim Three, Plaintiff alleges certain defendants denied him a lower bed bunk despite Plaintiff having a leg injury, giving him a "smartmouth" response and telling him he was on the "trouble makers" tier so he would "get what [he] had coming," an unspecified time after which Plaintiff asserts he was attacked, apparently by another inmate, threatened by another deputy, and placed in segregation. Id. at 7. Plaintiff seeks monetary and punitive damages and injunctive relief. Id. at 8.

As noted, Plaintiff alleges he was in custody at a County jail facility when he filed the original complaint. Plaintiff asserted he was released from custody on April 3, 2019. Dkt. 23. However, Plaintiff alleges his parole was violated on April 12, 2019, apparently resulting in a return to custody. See Dkt. 25, 27. On June 13, 2019, the same day he filed the SAC, Plaintiff filed a renewed request to proceed in forma pauperis ("IFP"), reiterating he had returned to the County jail facility. Dkt. 13.

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This subdivision is commonly known as the 'three strikes' provision. Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[] to state a claim[.]" Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

Courts may raise Section 1915(g) sua sponte and dismissal the action after providing the plaintiff with an opportunity to be heard. Andrews, 398 F.3d at 1120. Once the Court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the Court that Section 1915(g) does not apply. Id.

Here, Plaintiff concedes that he has filed three prior lawsuits in federal court while a prisoner, referencing cases in "Fresno" and "San Francisco." SAC at 1-2. On January 27, 2014, in Docket Entry No. 5 in Scott Stearns v. Biter, et al., case no. 1:13-cv-02023-LJO-SKO PC (E.D. Cal.), the United States District Court for the Eastern District of California dismissed a purported civil rights action filed by Plaintiff in that court, taking judicial notice of and finding that Plaintiff had had three prior federal cases dismissed, citing Stearns v. Johnson, case number 2:06-cv-03774-UA-RZ (C.D. Cal.) (dismissed Aug. 14, 2006); Stearns v. Flores, et al., case number 5:03-cv-00562-JF (N.D. Cal.) (dismissed Apr. 16, 2007); and Stearns v. Sala, et al., case number 5:05-cv-02443-JF (N.D. Cal.) (dismissed Nov. 14, 2008).

Based upon the foregoing, it appears Plaintiff has had three prior actions, filed while Plaintiff was an incarcerated or detained, dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted. Further, although Plaintiff alleges he was attacked by another inmate when he was previously in County custody, he has not demonstrated that he is currently under imminent danger of serious physical injury. As a result, the action appears subject to dismissal under 28 U.S.C. § 1915(g).

\* \* \*

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed under 28 U.S.C. § 1915(g). By **no later than fourteen (14) days from the date of this Order,** Plaintiff shall file a written response to this Order setting forth evidence and/or argument why this action should not be dismissed as having been filed by a prisoner who has had three prior civil actions dismissed as frivolous, malicious, or failing to state a cause of action, and who has not demonstrated he is currently under imminent danger of serious physical injury.

Dated: June 18, 2019

_____
JOHN D. EARLY
United States Magistrate Judge